## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

JEWEL SPENCER,               )
                                )
     Plaintiff,           )
                                )       USDC No: 1:20-cv-2001
v.                              )
                                )
                                )
ELSA CORPORATION, KEYENCE    )
CORPORATION OF AMERICA, and    )
KOMATSU AMERICA CORPORATION,  )
                                )
     Defendants.        )

### NOTICE OF REMOVAL

NOW COMES the Defendant, Keyence Corporation of America, through its attorneys, Patton & Ryan, LLC, and hereby petitions this Court for removal pursuant to 28 U.S.C. §§ 1332 and 1441. In support of this Notice, Defendant respectfully states the following:

### INTRODUCTION

1.     On or about May 21, 2020, Plaintiff Jewel Spencer filed a Complaint in the Madison County Circuit Court entitled JEWEL SPENCER, Plaintiff, versus ELSA CORPORATION, Defendant, Cause No. 48C03-2005-CT-000079.

2.     Upon information and belief, Defendant Elsa Corporation was served with the summons and original Complaint on or about June 3, 2020.

3.     On or about June 19, 2020, Plaintiff Jewel Spencer filed an Amended Complaint to add KEYENCE CORPORATION OF AMERICA and KOMATSU AMERICA CORPORATION as additional Defendants. See Plaintiff's Amended Complaint attached hereto as **Exhibit "A"**.

4.     Upon information and belief, on or about July 1, 2020, Defendant Keyence Corporation of America was served with the summons and Amended Complaint. See the Summons and Certified Mailing attached hereto as **Exhibit "B"**.  On information and belief,

Defendants Elsa Corporation and Komatsu America Corporation both were served with the Amended Complaint on or about July 1, 2020.

5.      This Notice of Removal has been timely filed within thirty (30) days of service on Keyence Corporation of America as set forth in 28 U.S.C. § 1446(b)(1).

## BASIS FOR REMOVAL

6.      Under the general diversity statute, a corporation is deemed to be a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

7.      Defendant Keyence Corporation of America is a foreign corporation organized under the state of California with its principal place of business in New Jersey.

8.      On information and belief, Defendant Komatsu America Corporation is a foreign corporation organized under the state of Georgia with its principal place of business in Illinois.

9.      Upon information and belief, Plaintiff is domiciled in the City of Elwood, Madison County, Indiana and therefore is a citizen of Indiana.

10.     Upon information and belief, Defendant Elsa Corporation is a domestic corporation organized under the state of Indiana with its principal place of business in Indiana.

11.     While Plaintiff and Defendant Elsa Corporation are both citizens of Indiana for jurisdictional purposes, Elsa Corporation's citizenship should not be considered as Plaintiff does not have a viable cause of action against Defendant Elsa Corporation. On or about May 22, 2020, Plaintiff commenced a Worker's Compensation Action entitled JEWELL SPENCER versus ELSA CORPORATION, Cause No. C-249718. Pursuant to the Indiana Code, the rights and remedies of an employee seeking worker's compensation shall exclude all other rights and remedies. See IC § 22-3-7-6.

12.     On or about July 29, 2020, Defendant Elsa Corporation filed its Motion to Dismiss and Brief in Support of Motion to Dismiss in State Court. See Motion and Brief in Support of Motion to Dismiss attached hereto as **Exhibit "C"**

13.     On its own, a Court may at any time, or on just terms, drop a party. See Fed. R. of Civ. Pro. 21. Plaintiff has no viable cause of action against Defendant Elsa Corporation and this Court has discretion to drop a party from the case at any time. Therefore, Defendant Elsa Corporation being a citizen of Indiana does not destroy diversity jurisdiction.

14.     In accordance with the Indiana Trial Rules, Plaintiff did not specifically quantify the amount of damages sought in the Complaint. However, Defendants have a good faith belief that based upon the permanent injuries (partial finger amputations) and damages as alleged in the Complaint and in Plaintiff's separate worker's compensation action exceed $75,000.00.

15.     This Court has original jurisdiction under 28 U.S.C. § 1332 (a)(1) because this action is between citizens of different states and because the damages alleged in this action exceed $75,000.000.

16.     Venue is proper in the Southern District of Indiana because this District embraces the place where such action is pending as set forth in 28 U.S.C. § 1441(a)

17.     Defendant Keyence Corporation of America consents to the removal of this matter to the Southern District of Indiana. See Affidavit in Support of Notice of Removal attached hereto as **Exhibit "D".**

18.     Defendant Komatsu America Corporation has not yet filed its appearance in this matter and prospective counsel for Komatsu America is unknown, as is the location of a corporate representative with authority to sign a consent to this notice of removal. Once Komatsu America

Corporation files its appearance, counsel for Keyence Corporation will obtain an Affidavit in Support of Notice of Removal.

WHEREFORE, Defendant Keyence Corporation of America. respectfully requests this matter be removed from the Madison County Circuit Court, State of Indiana, to the United States District Court, Southern District of Indiana.

Dated: July 30, 2020

RESPECTFULLY SUBMITTED,

**PATTON & RYAN, LLC**

By: /s/ Joseph B. Moore III
One of the Attorneys for Defendant
Keyence Corporation of America

Joseph B. Moore III
Patrick A. Becht
PATTON & RYAN, LLC
330 North Wabash, Suite 3800
Chicago, IL 60611
Phone: (312) 261-5160

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2020, I electronically filed **Defendant's Notice of Removal to Federal Court**, with the Clerk of Court using the CM/ECF System, which will send notification to the Plaintiff's attorney of record.

Respectfully Submitted,


By: */s/ Joseph B. Moore III*

Joseph B. Moore III
Patrick A. Becht
PATTON & RYAN LLC
330 North Wabash, Suite 3800
Chicago, IL 60611
(312) 261-5160 (phone)
(312) 261-5161 (fax)
jmoore@pattonryan.com
pbecht@pattonryan.com

**Filed: 6/19/2020 3:38 PM**
**Madison County Circuit Court 3**
**Madison County, Indiana**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MADISON CIRCUIT COURT 3 |
| | ) SS: | |
| COUNTY OF MADISON | ) | CAUSE NO.: 48C03-2005-CT-000079 |

JEWEL SPENCER,                                )
                                                          )
     Plaintiff,                                 )
                                                          )
v.                                                        )
                                                          )
ELSA CORPORATION,                          )
KEYENCE CORPORATION OF            )
AMERICA, and KOMATSU AMERICA  )
CORPORATION,                                 )
                                                          )
     Defendants.                            )

## AMENDED COMPLAINT FOR DAMAGES

Plaintiff, Jewel Spencer, by counsel, Nicholas A. Bourff, for her Amended Complaint for Damages against the Defendants, Elsa Corporation, Keyence Corporation of America, and Komatsu America Corporation, respectfully shows the Court as follows:

### Facts Common to All Counts

1.      At all times relevant hereto, Plaintiff was a resident of the City of Elwood, County of Madison, State of Indiana.

2.      At all times relevant herein, Defendant, Elsa Corporation, was a Domestic For-Profit Corporation registered in the State of Indiana.

3.      At all times relevant herein, Defendant, Keyence Corporation of America, was a foreign for-profit corporation registered in the State of Indiana.

4.      At all times relevant herein, Defendant, Komatsu America Corporation, was a foreign for-profit corporation.

5.      At all times relevant herein, Elsa Corporation owned, maintained, and/or controlled a manufacturing facility located at 1240 South Indiana 37, City of Elwood, County of Madison, State of Indiana.

6.      On or about June 21, 2018, Jewel Spencer was an employee of the Elsa Corporation, and she was working at the aforementioned manufacturing facility.

7.      At said time and place, Jewel Spencer's hand became caught in a press machine made by Defendant Komatsu America Corporation, with a defective safety mechanism made by Defendant Keyence Corporation of America.

8.      The assembly line was equipped with defective and/or a disabled safety mechanism.

9.      No signs or other notices concerning the dangerous machinery and defective safety equipment were prominently displayed.

10.     As a direct result of this incident, Jewel Spencer sustained significant injuries, including the partial loss of her thumb and index finger.

11.     Elsa Corporation owed Jewel Spencer a duty to exercise reasonable care in maintaining the premises in a reasonably safe condition.

12.     At said time and place, Elsa Corporation, its employees, and/or agents knew, or by the exercise of reasonable care, should have known of the dangerous condition created by the machinery and defective safety equipment.

### Count I – Gross Negligence by Elsa Corporation

13.     Plaintiff, by counsel, reaffirms and incorporates paragraphs one (1) through twelve (12) as if fully restated herein.

2

14.     Elsa Corporation, after being made aware of the defective and/or disabled safety mechanism in its assembly line machinery, consciously acted in reckless disregard of the consequences to Jewel Spencer, by requiring her to continue operating said assembly-line machinery.

15.     Elsa Corporation committed one or more of the following conscious, voluntary acts and/or omissions in reckless disregard of the consequences to Jewel Spencer:

a)     Elsa Corporation failed to warn Plaintiff of the potential danger posed by the dangerous condition on its premises that could result in probable injury;

b)     Elsa Corporation failed to properly ensure the safety of its premises;

c)     Elsa Corporation failed to fix the defective and/or disabled safety mechanism in its assembly line machinery prior to allowing its employees to operate said assembly line machinery;

d)     Elsa Corporation failed to implement proper safety and/or maintenance procedures;

e)     Elsa Corporation violated applicable ordinances, codes, and state laws applicable to the use and maintenance of assembly line machinery;

f)     Elsa Corporation knew, or should have known, of the dangerous condition to which it exposed its employees;

g)     Elsa Corporation consciously disregarded said dangerous condition; and

h)     Elsa Corporation consciously disregarded the safety of its employees in reckless disregard of the consequences to them.

16.     As a direct and proximate result of Elsa Corporation's gross negligence and breach of duties, Jewel Spencer sustained severe and permanent injuries, which have caused her pain, suffering, and emotional distress.

17.     As a direct and proximate result of Elsa Corporation's gross negligence, Jewel Spencer was required to seek medical treatment from various health care providers, has incurred medical expenses as a result thereof, and may incur medical expenses in the future.

3

## Count II –Negligence by Keyence Corporation of America

18.     Plaintiff, by counsel, reaffirms and incorporates paragraphs one (1) through seventeen (17) as if fully restated herein.

19.     Keyence Corporation of America manufactured safety equipment which was used by co-defendant, Elsa Corporation, at the aforementioned manufacturing facility.

20.     Keyence Corporation of America placed defective safety equipment into the stream of commerce.

21.     Jewel Spencer is in the class of persons that Keyence Corporation of America should have reasonably foreseen as being subject to the potential harm caused by its defective equipment.

22.     The defective condition of Keyence Corporation of America's product existed at the time it left Keyence Corporation of America's control.

23.     The defective condition of Keyence Corporation of America's product was a proximate cause of Jewel Spencer's injuries; said injuries are severe, permanent, and have caused her pain, suffering, and emotional distress.

24.     As a direct and proximate result of Keyence Corporation of America's negligence, Jewel Spencer was required to seek medical treatment from various health care providers, has incurred medical expenses as a result thereof, and may incur medical expenses in the future.

## Count III –Negligence by Komatsu America Corporation

25.     Plaintiff, by counsel, reaffirms and incorporates paragraphs one (1) through twenty-four (24) as if fully restated herein.

26.     Komatsu America Corporation manufactured a press machine which was used by co-defendant, Elsa Corporation, as assembly-line machinery at the aforementioned manufacturing facility.

27.     Komatsu America Corporation knew of the defective conditions of their press machine.

28.     Jewel Spencer is in the class of persons that Komatsu America Corporation should have reasonably foreseen as being subject to the potential harm caused by its defective equipment.

29.     The defective condition of Komatsu American Corporation's product existed at the time it left Komatsu America Corporation's control.

30.     The defective condition of Komatsu America Corporation's product was a proximate cause of Jewel Spencer's injuries; said injuries are severe, permanent, and have caused her pain, suffering, and emotional distress.

31.     As a direct and proximate result of Komatsu America Corporation's negligence, Jewel Spencer was required to seek medical treatment from various health care providers, has incurred medical expenses as a result thereof, and may incur medical expenses in the future.

WHEREFORE, Plaintiff, Jewel Spencer, by counsel, Nicholas A. Bourff, prays for judgment against Defendants, Elsa Corporation, Keyence Corporation of America, and Komatsu America Corporation in an amount commensurate with her injuries and damages, for any and all pre-judgment interest calculated daily according to Statute, for the cost of this action, for trial by jury, and for all other relief just and proper in the premises.

                             Respectfully submitted,

                             SCHILLER LAW OFFICES, LLC


                             /s/ *Nicholas A. Bourff*
                             Attorney No. 27036-89
                             *Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June 2020, a true and accurate copy of the foregoing was filed electronically. Service of this filing will be made on counsel listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system:

Elsa Corporation
c/o Yasuhiko Matsuoka
1240 South State Road 37
Elwood, IN 46036

Keyence Corporation of America
c/o Corporation Service Company
135 North Pennsylvania Street
Suite 1610
Indianapolis, IN  46204

Komatsu America Corporation
c/o CT Corporation System
334 North Senate Avenue
Indianapolis, IN  46204

/s/ *Nicholas A. Bourff*
Nicholas A. Bourff
Attorney No. 27036-89
**SCHILLER LAW OFFICES, LLC**
210 E. Main Street
Carmel, IN 46032
Telephone: 317-578-2100
Facsimile: 317-578-1146
E-Mail: Nick@schillerlawoffices.com
*Attorney for the Plaintiff*

6

Filed: 6/19/2020 3:38 PM
Madison County Circuit Court 3
Madison County, Indiana

STATE OF INDIANA    )
                      ) SS:
COUNTY OF MADISON    )

MADISON CIRCUIT COURT 3

CAUSE NO.: 48C03-2005-CT-000079

| | |
|---|---|
| JEWEL SPENCER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELSA CORPORATION, | ) |
| KEYENCE CORPORATION OF | ) |
| AMERICA, and KOMATSU AMERICA | ) |
| CORPORATION, | ) |
| | ) |
|     Defendants. | ) |

## SUMMONS

**TO:  Keyence Corporation of America
c/o: Corporation Service Company
135 North Pennsylvania Street, Suite 1610
Indianapolis, IN 46204**

You are hereby notified that you have been sued by the person named as the plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by plaintiff.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three [23] days if the Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by the plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Referral Service (269-2222).

Dated:  6/22/2020

_Olivia Pratt_
Clerk, Madison County Circuit Court

**(The following manner of service of summons is hereby designated.)**

  X    Registered or certified mail.
_____  Service at place of employment, to-wit:
_____  Service on individual – (Personal or copy) at above address.
_____  Service on agent. (Specify)
_____  Other service. (Specify)

**Nicholas A. Bourff
SCHILLER LAW OFFICES, LLC
210 E. Main Street
Carmel, IN 46032**

| | |
|---|---|
| **Telephone:** | **317-578-2100** |
| **Facsimile:** | **317-578-1146** |
| **E-Mail:** | **Nicholas@schillerlawoff** |

MADISON COUNTY CLERK

SEAL

ANDERSON, INDIANA

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

I hereby certify that I served this summons on the_____day of_____, 2020.

(1) By   delivering   a   copy   of   the   summons   and   a   copy   of   the   complaint   to   the   defendant,
_____.

(2) By  leaving a copy of the summons and a copy of the complaint at _____
_____ which is the dwelling place or usual place of
abode of_____ and by mailing a copy of said
summons to said defendant at the above address.

(3) Other Service or Remarks: _____
_____

_____                    _____
Sheriff's Costs                                              Sheriff


                                          By:_____
                                                        Deputy

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that on the_____day of_____, 2020, I mailed a copy of this summons and a copy of the
complaint to the defendant, _____, by_____mail, requesting a return
receipt at the address furnished by the plaintiff.

                                          _____
                                          Clerk, Madison County Circuit Court
Dated:_____, 2020.          By:_____
                                                        Deputy

**RETURN OF SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing the Summons and a copy of the complaint
mailed   to   defendant,   _____,   was   accepted   by   the   defendant   on   the_____day
of_____, 2020.

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint
were returned not accepted on the ____ day of_____, 2020.

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint
mailed to defendant _____ was accepted by _____ on behalf of said
defendant on the ____ day of_____, 2020.

                                          _____
                                          Clerk, Madison County Circuit Court

Dated:_____, 2020.          By:_____
                                                        Deputy



CERTIFIED MAIL

7019 2280 0000 0474 4172

210 East Main St.
Carmel, IN 46032

SCHILLER
LAW OFFICES



neopost
06/26/2020
US POSTAGE
$07.60

FIRST-CLASS MAIL

ZIP 46250
041L13818601

Keyence Corporation of America
c/o Corporation Service Company
135 N. Pennsylvania St.
Ste. 1610
INDIANAPOLIS, IN 46204

STATE OF INDIANA          )          MADISON SUPERIOR/CIRCUIT COURT
                          ) SS:
COUNTY OF MADISON         )          CAUSE NO. 48C03-2005-CT-000079

JEWEL SPENCER,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )
                                  )
ELSA CORPORATION,                 )
KEYENCE CORPORATION OF            )
AMERICA, and KOMATSU AMERICA      )
CORPORATION,                      )
                                  )
            Defendants.           )

### DEFENDANT ELSA CORPORATION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

Defendant ELSA Corporation ("ELSA"), by counsel, respectfully moves the Court to dismiss Plaintiff Jewel Spencer's Amended Complaint pursuant to Indiana Trial Rule 12(B)(1). As thoroughly set forth in ELSA's contemporaneously filed supporting brief, Plaintiff's exclusive remedy against ELSA for her alleged claim of gross negligence is to pursue a claim for benefits under the Indiana Worker's Compensation Act (the "Act"). Thus, the Court lacks subject matter jurisdiction and Plaintiff's Amended Complaint against ELSA must be dismissed.

WHEREFORE, ELSA requests the Court dismiss Plaintiff's Amended Complaint pursuant to Indiana Trial Rule 12(B)(1) and award ELSA all other just and appropriate relief.

1

Respectfully submitted,

*s/Richard P. Winegardner*

Richard P. Winegardner (17125-49)
Justine L. Farris-Niehaus (34586-49)
**Barnes & Thornburg LLP**
11 South Meridian Street
Indianapolis, IN  46204
Telephone:     (317) 236-1313
Facsimile:      (317) 231-7433
Email:   richard.winegardner@btlaw.com
               justine.farris@btlaw.com

*Attorneys for Defendant ELSA Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 29th day of July, 2020 a true and complete copy

of the foregoing has been served upon the following by operation of the Indiana Electronic Filing

System, or via U.S. mail postage prepaid:

Nicholas Allen Bourff
Schiller Law Offices, LLC
210 E. Main Street
Carmel, IN 46032

Joseph B. Moore, III
Christina M. Putman
Patrick A. Becht
PATTON & RYAN LLC
330 North Wabash Avenue, Suite 3800
Chicago, Illinois

Komatsu America Corporation
c/o CT Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

*s/Richard P. Winegardner*

Richard P. Winegardner

2

| STATE OF INDIANA | ) | MADISON SUPERIOR/CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MADISON | ) | CAUSE NO. 48C03-2005-CT-000079 |

| | |
|---|---|
| JEWEL SPENCER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELSA CORPORATION, | ) |
| KEYENCE CORPORATION OF | ) |
| AMERICA, and KOMATSU AMERICA | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## BRIEF IN SUPPORT OF ELSA CORPORATION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

Defendant ELSA Corporation ("ELSA" or the "Company"), by counsel, submits this Brief in support of its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Ind. Trial Rule 12(B)(1) on the basis that Plaintiff's exclusive remedy against ELSA is to pursue a claim for benefits under the Indiana Worker's Compensation Act (the "Act").

### I.    FACTUAL ALLEGATIONS

Plaintiff alleges that on or about June 21, 2018, her hand became caught in a press machine in the course of her employment with ELSA while she was working at the Company's manufacturing facility in Elwood, Indiana. [Amended Complaint, ¶¶ 5-7]. Plaintiff further alleges that as a result of the incident she sustained injuries, including the partial loss of her thumb and index finger. [*Id.* at ¶10]. In her Amended Complaint, Plaintiff asserts a single claim against ELSA for gross negligence. [*See id.*]. Specifically, Plaintiff maintains the following:

- "Elsa Corporation, after being made aware of the defective and/or disabled safety mechanism in its assembly line machinery, consciously acted in reckless disregard of the consequences to Jewel Spencer, by requiring her to continue operating said assembly-line machinery." [*Id.* at ¶ 14].

1

- "Elsa Corporation committed one or more of the following conscious, voluntary acts and/or omissions in reckless disregard of the consequences to Jewel Spencer: a) Elsa Corporation failed to warn Plaintiff of the potential dangers posed by the dangerous condition on its premises that could result in probable injury; b) Elsa Corporation failed to properly ensure the safety of its premises; c) Elsa Corporation failed to fix the defective and/or disabled safety mechanism in its assembly line machinery prior to allowing its employees to operate said assembly line machinery; d) Elsa Corporation failed to implement proper safety and/or maintenance procedures; e) Elsa Corporation violated applicable ordinances, codes, and state laws applicable to the use and maintenance of assembly line machinery; f) Elsa Corporation knew, or should have known, of the dangerous condition to which it exposed its employees; g) Elsa Corporation consciously disregarded said dangerous condition; and h) Elsa Corporation consciously disregarded the safety of its employees in reckless disregard of the consequences to them." [*Id.* at ¶ 15].

- "As a direct and proximate result of Elsa Corporation's gross negligence and breach of duties, Jewel Spencer sustained severe and permanent injuries, which have caused her pain, suffering, and emotional distress." [*Id.* at ¶ 16].

- "As direct and proximate result of Elsa Corporation's gross negligence, Jewel Spencer was required to seek medical treatment from various health care providers, has incurred medical expenses as result thereof, and may incur medical expenses in the future." [*Id.* at ¶ 17].

## II.    LEGAL ARGUMENT

**A.    Plaintiff Cannot Establish This Court Has Subject Matter Jurisdiction Over Her Workplace Injury Claim Against ELSA.**

"When an employer defends against an employee's negligence claim on the basis that the employee's exclusive remedy is to pursue a claim for benefits under the Indiana Worker's Compensation Act, the defense is properly advanced through a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1)." *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind. 2001). "In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support." *Id.* "There is a strong public policy favoring the coverage of employees under the [A]ct. Thus, when the plaintiff's own complaint recites facts demonstrating the employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to

2

demonstrate some grounds for taking the claim outside the Worker's Compensation Act." *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994).

Here, Plaintiff's Amended Complaint alleges facts demonstrating the employment relationship between her and ELSA and its alleged role in the injuries alleged.  Indeed, Plaintiff states that "[o]n or about June 21, 2018, Jewel Spencer was an *employee* of the Elsa Corporation." [Compl., ¶ 6 (emphasis added)].  Plaintiff further maintains her "hand became caught in a press machine" on or about June 21, 2018 while she was at work.  [*Id.* at ¶ ¶ 6-7].  Accordingly, the burden lies with Plaintiff to establish that her claim falls outside the scope of the Act. *Perry*, 637 N.E.2d at 1286; *Foshee v. Shoney's, Inc.*, 637 N.E.2d 1277, 1281 (Ind. 1994); *Tinner v. Boehringer-Ingelheim Pharm., Inc.*, No. 3:11-CV-0007-RLY-WGH, 2011 WL 3100373, at *1 (S.D. Ind. July 25, 2011) (citing *Perry*, 637 N.E.2d at 1286-87) (dismissing plaintiff's complaint where plaintiff failed to establish his claims were outside the exclusivity provision of the Act).

As explained below, because Plaintiff cannot meet her burden, her Amended Complaint should be dismissed.

**B.**     **Plaintiff's Gross Negligence Claim Is Barred by the Worker's Compensation Act.**

The Indiana Worker's Compensation Act provides the exclusive remedy for recovery of personal injuries occurring by accident that arise out of and in the course of employment.  *GKN Co.*, 744 N.E.2d at 401-02 (citing Ind. Code § 22–3–2–6); *Eichstadt v. Frisch's Restaurants, Inc.*, 879 N.E.2d 1207, 1210 (Ind. Ct. App. 2008) (citing Ind. Code §§ 22-3-2-2; 22-3-2-6).  Under Indiana law, a workplace injury occurs by accident unless evidence shows the employer *intended* the injury or had *actual knowledge* that the injury was *certain* to occur.  *Eichstadt*, 879 N.E.2d at 1210-11.  Further, it is well established that allegations of gross negligence or recklessness on the employer's behalf are insufficient to overcome the Act's exclusivity provision.  As the Indiana

3

Supreme Court has declared: "[M]ere employer negligence or recklessness is not sufficient to strip the Worker's Compensation Board of jurisdiction and instead vest jurisdiction in a court of law. The employer that acts in the belief that it is causing an appreciable risk of harm to another may be negligent, and if the risk is great its conduct may be characterized as reckless or wanton, but it is not an intentional wrong." *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1275 (Ind. 1994).[1]

*Agee v. Central Soya Co., Inc.,* 695 N.E.2d 624 (Ind. Ct. App. 1998) further illustrates this point. In *Agee*, the plaintiffs were injured in an explosion. *Id.* at 625. The employees submitted evidence showing that their employer ordered a procedure that created the possibility of generating an explosion even though the employer was aware of chemical leaks in the plant. *Id.* at 627. Indeed, the company had been cited by OSHA for failing to keep its workplace free of hazards, and an expert testified the explosion was foreseeable. *Id.* Nevertheless, the court concluded this evidence was insufficient to establish that the employer actually *knew* an explosion was *certain* to occur and cause injury. *Id.* As the court explained, "even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, or willfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character." *Agee,* 695 N.E.2d at 627–28; *see also Foshee v. Shoney's, Inc.*, 637 N.E.2d 1277, 1281 (Ind. 1994) (instructing the trial court to dismiss plaintiff's lawsuit against the employer for lack of subject matter jurisdiction where plaintiff's complaint alleged recklessness, not actual intent); *Owens v. DSM Eng'g Plastics,*

---

[1] Indiana courts treat the terms "gross negligence," "recklessness," and acting with a "conscious disregard" as synonymous. *See Sportsdrome Speedway, Inc. v. Clark,* 49 N.E.3d 653, 655 (Ind. Ct. App. 2016) (defining gross negligence as "a conscious, voluntary act or omission in reckless disregard of the consequences to another party" and questioning whether gross negligence as a cause of action even exists in Indiana); *Miller v. Indiana Dep't of Workforce Dev.,* 878 N.E.2d 346, 355 (Ind. Ct. App. 2007) (defining gross negligence to include a conscious and reckless disregard).

*Inc.,* 641 N.E.2d 1271, 1274 (Ind. Ct. App. 1994) (dismissal for lack of subject matter jurisdiction where plaintiff established the employer acted with wantonness and recklessness but failed to show that the employer intended the employee's injuries); *Herrera v. Marinoware Indus.*, No. 2:10 CV 311, 2011 WL 5040700, at *5 (N.D. Ind. Oct. 21, 2011) ("Negligence, gross negligence, or recklessness on the employer's behalf is insufficient" to overcome the Act's exclusivity provision).

Akin to *Agee* and the numerous additional cases cited above, including *Baker*, *Foshe*, and *Owens*, Plaintiff merely alleges that ELSA was "reckless" and "consciously disregarded the safety of its employees in reckless disregard of the consequences to them" and, as a result of this purported "gross negligence," Plaintiff suffered injuries. [Compl., ¶¶ 14-17]. Notably absent from Plaintiff's Amended Complaint, however, is any allegation or evidence which would demonstrate that ELSA *intended* her alleged injury or that it had *actual knowledge* that an injury was *certain* to occur. Therefore, Plaintiff's claim of gross negligence against ELSA falls squarely within the exclusive purview of the Worker's Compensation Act and Plaintiff's Amended Complaint must be dismissed.

### III.    CONCLUSION

For all of the foregoing reasons, Defendant ELSA Corporation respectfully moves the Court pursuant to Ind. Trial Rule 12(B)(1) to dismiss Plaintiff's Amended Complaint and for all other just and appropriate relief.

Respectfully submitted,


*s/Richard P. Winegardner*
Richard P. Winegardner (17125-49)
Justine L. Farris-Niehaus (34586-49)
**Barnes & Thornburg LLP**
11 South Meridian Street
Indianapolis, IN  46204
Telephone:    (317) 236-1313
Facsimile:     (317) 231-7433
Email:   richard.winegardner@btlaw.com
              justine.farris@btlaw.com

*Attorneys for Defendant ELSA Corporation*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 29th day of July, 2020 a true and complete copy of the foregoing has been served upon the following by operation of the Indiana Electronic Filing System, or via U.S. mail postage prepaid:

Nicholas Allen Bourff
Schiller Law Offices, LLC
210 E. Main Street
Carmel, IN 46032

Joseph B. Moore, III
Christina M. Putman
Patrick A. Becht
PATTON & RYAN LLC
330 North Wabash Avenue, Suite 3800
Chicago, Illinois

Komatsu America Corporation
c/o CT Corporation System
334 North Senate Avenue
Indianapolis, IN 46204


*s/Richard P. Winegardner*
Richard P. Winegardner

## AFFIDAVIT IN SUPPORT OF DEFENDANT KEYENCE CORPORATION OF AMERICA'S NOTICE OF REMOVAL

I, *Robert Joseph Hosler*, being first duly sworn, depose and state the following:

1. That I am over the age of 18, have personal knowledge of the matters stated herein, and am competent to testify to the same;

2. That my current title is *Chief Operating Officer* for Defendant KEYENCE CORPORATION OF AMERICA;

3. Defendant KEYENCE CORPORATION OF AMERICA was served with Plaintiff's Complaint on or about July 1, 2020 by certified mail;

4. I attest that I have the authority to provide consent and authorization on behalf of Defendant KEYENCE CORPORATION OF AMERICA in this matter;

5. Pursuant to 28 U.S.C § 1446(b)(2)(A), I provide written consent to Defendant KEYENCE CORPORATION OF AMERICA'S NOTICE OF REMOVAL on behalf of Defendant KEYENCE CORPORATION OF AMERICA.

By: _____

Representative for Keyence Corporation of America

On *7/28/*, 20*20*, before me, *Rebecca H Block*, a Notary Public in and for said State, personally appeared *Robert Joseph Hobler*, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same.

_____
NOTARY PUBLIC

Notary Public in and for the State of *Illinois*.
Residing at *Lake*.
My Commission Expires: *02/25/2023*

REBECCA H BLOCK
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
February 25, 2023